IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-02140-RPM

THOMAS A. KAUFMANN,
GENE C. GEIGER, and
ROY E. GOULD,

        Plaintiffs,

v.

LVA HOLDINGS, INC.,

        Defendant.

---

ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

On June 6, 2006, the plaintiffs filed a Motion for Leave to File a Second Amended Complaint, tendered with the motion, seeking to add World Gaming plc ("World Gaming") an English holding company, as an additional defendant claiming that it has joint and several liability with the defendant LVA Holdings, Inc., formerly known as Starnet, for the claims alleged in the first amended complaint.  The sole basis for asserting that liability is that World Gaming has successor liability for the acts of Starnet because of a merger occurring in May, 2001, and under the Delaware Corporation Code, Section 259(a) the surviving corporation has liability.  The defendant filed its opposition and asserts that section of the corporation code has no applicability because the transaction was accomplished as a "reverse triangular merger" which resulted in LVA Holdings being an indirect subsidiary of World Gaming.  The documents submitted show that Starnet was merged with WG Reorganization Sub, Inc., a subsidiary of World

Gaming formed for the purpose of the transaction.  The result was that WG Reorganization Sub, Inc., ceased its existence and Starnet was the surviving corporation which then became a subsidiary of World Gaming.  The recognized purpose of this type of merger agreement is to avoid successor liability which would be the consequence of a direct merger of two constituent corporations.  That is an artful but lawful dodge of successor liability and has been recognized as avoiding such liability in *Binder v. Bristol-Myers Squibb, Co.,* 184 F. Supp. 2d 762, 772 and *In re McKesson HBOC, Inc. Sec. Litig.,* 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000).  There is no other basis for holding World Gaming liable in this case in which the events creating the asserted liability took place before the merger.

The plaintiffs assert that World Gaming should be joined to avoid injustice because LVA Holdings is in dissolution in Delaware and has not made any arrangements for the preservation of assets.  That is a matter which should be presented in Delaware in connection with the dissolution proceedings and does not serve as a basis for adding World Gaming as a joint and several liability party.

Upon the foregoing, it is

ORDERED that the plaintiffs' Motion for Leave to File Second Amended Complaint is denied.

Dated:  July 20, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge